**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sid Edward WILLIS, Jr., Defendant—
Appellant.**

No. 05–30031.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2006.*

Decided Jan. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Scott Kerin, USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Harrison Stewart Latto, Esq., Law Office of Harrison S. Latto, Portland, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and GRABER, Circuit Judges.

Fed. R.App. P. 34(a)(2).

### MEMORANDUM **

Willis appeals the district court's denial of his motion to suppress the evidence found on his person and his subsequent statements to police officers as fruits of an illegal arrest. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

### I

The district court did not commit clear error in crediting Officer Zylawy's testimony regarding how he perceived the flying plastic bag. Importantly, Officer Zylawy did not testify that he *saw* that the substance inside the plastic bag was cocaine. Rather, Officer Zylawy testified that he saw the plastic bag flying toward him, and *concluded*—from his experience and the context of the incident—that the bag likely contained drugs. *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *United States v. Hernandez,* 313 F.3d 1206, 1210 (9th Cir.2002). The district court did not err in crediting this testimony.

### II

For related reasons, it follows that the district court did not err in determining that the officers had probable cause to arrest Willis. *United States v. Valencia–Amezcua,* 278 F.3d 901, 906 (9th Cir.2002). Police officers may rely on their specialized experience and the "cumulative evidence" available to them when making a probable cause determination. *Hernandez,* 313 F.3d at 1210.

Taking the facts as the district court found them, a veteran police officer with substantial experience dealing with drug-related offenses in general, and crack cocaine in particular, who had seen packaged cocaine on many occasions and knew how it was packaged, saw Willis acting nervously in response to the marked patrol car in a high-vice neighborhood frequently used for street-level drug trade, especially of cocaine, interacting with known drug dealers, trying to distance himself from the officers, apparently attempting to ditch the bag once he believed he was out of sight. On top of that, the Officer Zylawy could see the distinctive packaging, whitish color, and the "weightiness" of the bag itself (as compared to a less dense drug, such as marijuana), which helped him determine which drug the bag contained. Officer Zylawy considered this cumulative evidence and immediately concluded that Willis had likely committed a drug offense, and that that drug offense likely involved cocaine.

Under the circumstances, therefore, there was probable cause to arrest, and the district court properly denied the motion to suppress.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.